IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRENT M. THACHER,

    **Plaintiff,**

    v.                                                        CASE NO.  22-3283-JWL-JPO

INTERNAL REVENUE SERVICE,
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Trent M. Thacher is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  The Court grants Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2).  The Court assesses an initial partial filing fee of $13.00, calculated under 28 U.S.C. § 1915(b)(1).

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Douglas County Detention Facility in Lawrence, Kansas.  Plaintiff names the Internal Revenue Service and the Kansas Department of Revenue as defendants.  Plaintiff alleges that the Federal Government has denied him stimulus rebate checks totaling $3200, due to a lack of proof of identity.  (Doc. 1, at 2–3.)  Plaintiff claims he has exhausted all attempts at trying to prove his identity without proper identification.  *Id*. at 3.  Plaintiff claims that he now has proof of his identity due to his incarceration.  *Id*. at 4.

**II.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court,

a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

Plaintiff alleges that the Internal Revenue Service ("IRS") has failed to provide him with federal economic impact payments ("EIPs") authorized by the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 26 U.S.C. § 6428(a)(1), the Consolidated Appropriations Act of 2021 (CAA), 26 U.S.C. § 6428A(a)(1), and the American Rescue Plan Act (ARPA), 26

U.S.C. § 6428B.

Plaintiff purports to bring this action under 42 U.S.C. § 1983.  However, the IRS is not a state actor.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *Id*. at 49 (citations omitted).  Although Plaintiff names the Kansas Department of Revenue as a defendant, he fails to allege that this defendant had anything to do with his federal stimulus payments.

To the extent Plaintiff's claims could be construed as being brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), he fares no better because he has failed to implicate a constitutional right that is cognizable under *Bivens*.  *See Byers v. Rettig*, 2022 WL 3205184, at *2 (W.D. N.C. Aug. 6, 2022) (where plaintiff alleged IRS failed to provide him with stimulus payments, court found no *Bivens* cause of action because "he is in fact asserting a failure of federal officials to comply with various federal statutes, which does not implicate the Plaintiff's constitutional rights").

The court in *Byers* further held that:

> To the extent that the Plaintiff asks the Court to compel the IRS to provide his EIPs, he is not entitled to assert a private cause of action for disbursement of these funds. *See Bynoe*, 2022 WL 1516592, at *5 ("[I]t does not appear that a private cause of action can be maintained under the legislation authorizing the disbursement of these funds. The laws do not indicate that there is a private cause of action for non-receipt of funds."); *Phelps v. Mnuchin*, No. 3:21-CV-327-JD-MGG, 2021 WL 2138506, at *4 (N.D. Ind. May 26, 2021) ("there is no suggestion there is a private cause of action under the CARES Act for receipt of specific non-

> disbursed funds, and it is not this Court's function to raise up a cause of action where a statute has not created one") (citation and internal quotation marks omitted).
>
> In any event, the funds that the Plaintiff seeks cannot now be distributed. The CARES Act imposed a deadline of December 31, 2020, for EIPs to be made or allowed, 26 U.S.C. § 6428(f)(3)(A); the CAA imposed a deadline of January 15, 2021, 26 U.S.C. § 6428A(f)(3)(A)(i)–(ii); and the ARPA imposed a deadline of December 31, 2021, 26 U.S.C. § 6428B(g)(3). As these deadlines have now passed, and no more funds may be issued, the Plaintiff cannot obtain the relief that he requests. *See Hudson v. Dep't of Treasury*, No. 1:21-cv-392, 2021 WL 5782471, at *3 (W.D. Mich. Dec. 7, 2021); *Vaughan*, 2021 WL 3373280, at *3.
>
> For all these reasons, the Plaintiff's claim for payment of his EIPs must be dismissed.

*Byers*, 2022 WL 3205184, at *4; *see also Watson v. United States*, 2022 WL 12078560, at *2 (W.D. Va. Oct. 20, 2022) (where the deadlines under the statute had passed, the court found that "[b]ecause no additional stimulus payments may be issued under either statute" plaintiff could not obtain relief) (citing *Byers* and *Harris v. Cisneros*, No. 4:22-cv-03641, 2022 WL 4109521, 2022 U.S. Dist. LEXIS 162276, at *8 (N.D. Cal. Sept. 8, 2022) ("As noted above, the CARES Act imposed a deadline of December 31, 2020, for EIPS to be made or allowed. That deadline has passed, and no more funds may be issued. Plaintiff cannot obtain the relief he seeks in this case."); *Hudson v. Dep't of Treasury*, No. 1:21-cv-00392, 2021 WL 5782471, 2021 U.S. Dist. LEXIS 234154, at *8 (W.D. Mich. Dec. 7, 2021) ("[E]ven if Plaintiff could demonstrate that he was eligible to receive EIPs under the statutes, rather than credits on his 2020 income taxes, Plaintiff would not be entitled to the relief he seeks. As previously indicated, both the CARES Act and the CCA impose deadlines for issuance of EIPs . . . Because no further funds may be issued in the form of EIPs, Plaintiff's request for relief is moot.") (collecting cases)).

The Court finds that Plaintiff's claims in the instant case are subject to dismissal for the

same reasons set forth in the cases cited above. Plaintiff should show good cause why his claims should not be dismissed.

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) is **granted**. Plaintiff is granted to and including **December 22, 2022**, to submit the $13.00 initial partial filing fee. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fee as directed may result in the dismissal of this matter without further notice. Plaintiff remains obligated to pay the remainder of the $350.00 filing fee. The agency having custody of Plaintiff shall forward payments from Plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2). The clerk is to transmit a copy of this order to Plaintiff, to the finance office at the institution where Plaintiff is currently confined, and to the Court's finance office.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **December 22, 2022,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated November 23, 2022, in Kansas City, Kansas.**

                                                  **S/   John W. Lungstrum**
                                                  **JOHN W. LUNGSTRUM**
                                                  **UNITED STATES DISTRICT JUDGE**