**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**TRENT M. THACHER,**

     **Plaintiff,**

     **v.**                                  **CASE NO.  22-3283-JWL-JPO**

**INTERNAL REVENUE SERVICE,**
**et al.,**

     **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Douglas County Detention Facility in Lawrence, Kansas.  Plaintiff names the Internal Revenue Service and the Kansas Department of Revenue as defendants.   On November 23, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  This matter is before the Court on Plaintiff's response (Doc. 4).

Plaintiff alleges that the Federal Government has denied him stimulus rebate checks totaling $3200, due to a lack of proof of identity.  (Doc. 1, at 2–3.)  Plaintiff claims he has exhausted all attempts at trying to prove his identity without proper identification.  *Id*. at 3. Plaintiff claims that he now has proof of his identity due to his incarceration.  *Id*. at 4.

Plaintiff alleges that the Internal Revenue Service ("IRS") has failed to provide him with federal economic impact payments ("EIPs") authorized by the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 26 U.S.C. § 6428(a)(1), the Consolidated Appropriations Act of 2021 (CAA), 26 U.S.C. § 6428A(a)(1), and the American Rescue Plan Act (ARPA), 26 U.S.C. § 6428B.

The Court found in the MOSC that although Plaintiff purports to bring this action under 42 U.S.C. § 1983, the IRS is not a state actor.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *Id*. at 49 (citations omitted). Although Plaintiff names the Kansas Department of Revenue as a defendant, he fails to allege that this defendant had anything to do with his federal stimulus payments.

The Court found in the MOSC that to the extent Plaintiff's claims could be construed as being brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), he fares no better because he has failed to implicate a constitutional right that is cognizable under *Bivens*.  *See Byers v. Rettig*, 2022 WL 3205184, at *2 (W.D. N.C. Aug. 6, 2022) (where plaintiff alleged IRS failed to provide him with stimulus payments, court found no *Bivens* cause of action because "he is in fact asserting a failure of federal officials to comply with various federal statutes, which does not implicate the Plaintiff's constitutional rights").

In his response, Plaintiff argues that he timely filed his taxes and just wants what is duly owed to him.[1]  (Doc. 4, at 2, 4.)  Plaintiff also argues that he is entitled to the stimulus checks plus interest.  *Id*. at 6.

Plaintiff has failed to show good cause why this action should not be dismissed.  The Court cited caselaw in the MOSC that provides that there is no private cause of action for disbursement of EIP payments and the deadlines have run for disbursement of funds. *See Byers*,

---

[1] Plaintiff also seeks an extension of time to submit his initial partial filing fee.  In light of the Court's dismissal of this action, that request is moot.

2022 WL 3205184, at *4 (citing *Bynoe*, 2022 WL 1516592, at *5 ("[I]t does not appear that a private cause of action can be maintained under the legislation authorizing the disbursement of these funds. The laws do not indicate that there is a private cause of action for non-receipt of funds."); *Phelps v. Mnuchin*, No. 3:21-CV-327-JD-MGG, 2021 WL 2138506, at *4 (N.D. Ind. May 26, 2021) ("there is no suggestion there is a private cause of action under the CARES Act for receipt of specific non-disbursed funds, and it is not this Court's function to raise up a cause of action where a statute has not created one") (citation and internal quotation marks omitted); *see also Watson v. United States*, 2022 WL 12078560, at *2 (W.D. Va. Oct. 20, 2022) (where the deadlines under the statute had passed, the court found that "[b]ecause no additional stimulus payments may be issued under either statute" plaintiff could not obtain relief) (citing *Byers* and *Harris v. Cisneros*, No. 4:22-cv-03641, 2022 WL 4109521, 2022 U.S. Dist. LEXIS 162276, at *8 (N.D. Cal. Sept. 8, 2022) ("As noted above, the CARES Act imposed a deadline of December 31, 2020, for EIPS to be made or allowed. That deadline has passed, and no more funds may be issued. Plaintiff cannot obtain the relief he seeks in this case."); *Hudson v. Dep't of Treasury*, No. 1:21-cv-00392, 2021 WL 5782471, 2021 U.S. Dist. LEXIS 234154, at *8 (W.D. Mich. Dec. 7, 2021) ("[E]ven if Plaintiff could demonstrate that he was eligible to receive EIPs under the statutes, rather than credits on his 2020 income taxes, Plaintiff would not be entitled to the relief he seeks. As previously indicated, both the CARES Act and the CCA impose deadlines for issuance of EIPs . . . Because no further funds may be issued in the form of EIPs, Plaintiff's request for relief is moot.") (collecting cases)).

Plaintiff has failed to show good cause why his claims should not be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated January 10, 2023, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**